Van Brunt, P. J.
This action was brought to recover damages for a breach of contract upon the part of the defendant in neglecting and refusing to receive and pay for granite paving blocks pursuant to a contract made between the parties to the action in March, 1882.
The answer denied the failure to perform, and denied that the plaintiff had sustained any damage by reason of the failure to perform. Questions were raised as to what the rights of the parties were, under the contract, which it is not necessary to determine upon this appeal, as the learned court seems to have adopted a mistaken rule of damages.
The court was requested to charge the jury that the measure of damages in this action was the difference between the selling price under the contract and the market price, which was refused, and to which an exception was taken. The court was also requested to submit to the jury the question whether, as a matter of fact, there was a market price for the stone which was refused, and the defendants duly excepted.
These rulings were based upon the assumption that the measure of damage in such a case was the difference between the cost of performing the contract and the price named in the contract to be paid on performance. The proper measure of damages has been laid down in an action upon a contract of this description to be the difference be»een the contract price and the market price at the time and place of delivery, and that the evidence in such a case is not confined' to the market price at the precise time and place of delivery, but, where it is impracticable to show this, evidence of the price for a brief period before and after that time, and at places not distant, or in other controlling market, is competent for the purpose of showing the market price at the time and place of delivery. Cahen v. Platt, 69 N. Y., 348.
Therefore, if there was such evidence as justified the ' submission to the jury of the question as to whether there was a market price for the stone, it was error to refuse to submit such question to the jury; and if the jury found that there was such a market price for the stone, it was error to hold that the measure of damages was the difference between the cost of production and the contract price.
The evidence upon the part of the plaintiff showed that during all the months throughout the year the average production per month of their factory was about 300,000 blocks, sufficient to comply with their contract with the defendants, and that the blocks made for tjie city of New York were all about the same pattern, and that these blocks were always kept on hand to supply orders at short notice, *496 and that large stocks of blocks were carried over from year to year; that the blocks in question were not made for the defendants specially, but that they were made for everybody, and that they were supplied to various persons at various prices during the season.
This testimony would seem to have sustained a finding by the jury that there was a market for this stone during the season of 1882, and there being such a market, the measure of damage would have been as already stated, the difference between such market price and the contract price.
Our attention has been" called to the rule established by any competent authority which justifies the application of the rule of damages laid down in the case at bar. Under the circumstances presented by the evidence it seems to have been error to have refused to submit the question to the jury as to whether there was a market for stone of the kind referred to in the contract during the season of 1882.
The judgment must be reversed and a new trial ordered, with costs to appellant to abide event.
Brady and Daniels, JJ., concur.